IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**DOMINIQUE BENJAMIN,**
    Petitioner,
v.
                                             Civil Action No. 3:21cv464
**K.T. PUNTURI,**
    Respondent.

**MEMORANDUM OPINION**

Dominique Benjamin, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1), challenging his convictions in the Circuit Court of the County of Prince William, Virginia (hereinafter, "Circuit Court"). In his § 2254 Petition, Benjamin argues that he is entitled to relief based upon the following claims: [1]

    Claim One:     The Circuit Court erred in denying the motion to suppress because his cell phone and laptop were "seized without warrants" in violation of the Fourth Amendment. (*Id.* at 5.)

    Claim Two:     The Circuit Court erred in denying the motion to suppress because the warrant failed to identify with specificity "all the things to be seized." (*Id.* at 7.)

    Claim Three:     The Circuit Court erred in denying the motion to suppress because the warrant affidavit failed to establish "probable cause that a robbery occurred or that [Benjamin] committed the act." (*Id.* at 8.)

    Claim Four:     "The double jeopardy clause set by the 5th Amendment was violated," because Benjamin was convicted of "both domestic assault and battery and malicious wounding by mob" even though there was only one incident. (*Id.* at 10.)

Respondent K.T. Punturi moves to dismiss on the grounds that Claims One, Two, and Four are procedurally defaulted and barred from review here, and that Claim Three is also not

---

[1] The Court employs that pagination assigned by the CM/ECF docketing system to citations to the record. The Court corrects the spelling, punctuation, and capitalization in the quotations from Benjamin's submissions.

reviewable by this Court. Despite the provision of notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Benjamin has not filed a response. For the reasons set forth below, the motion to dismiss (ECF No. 8) will be GRANTED. Claims One, Two, and Four are defaulted and Claim Three is not subject to federal habeas review.

## I. PROCEDURAL HISTORY

After a jury trial, Benjamin was convicted of robbery, assault and battery by a mob, abduction, strangulation, and domestic assault and battery. (*See* Ct. App. Record 6.)[2] The Circuit Court sentenced Benjamin to nine years and twenty-four months of incarceration. (*Id.* at 9.)

Benjamin appealed, arguing that the Circuit Court erred in denying the motion to suppress and the evidence was insufficient to support his convictions. (*Id.* at 56.) The Court of Appeals of Virginia denied the petition for appeal. (*Id.* at 77.) A three-judge panel of the Court of Appeals of Virginia also denied the petition for appeal. (*Id.* at 95.)

In his petition for appeal filed in the Supreme Court of Virginia, Benjamin raised, *inter alia*, the following assignment of error:

> "The trial court erred in denying the motion to suppress the contents of the defendant's cell phone and laptop."

(Va. Record 34.) In this assignment of error, Benjamin argued that, "[t]he facts as stated in the affidavits do not establish probable cause that a robbery occurred." (*Id.* at 15.) The Supreme Court of Virginia refused the petition for appeal. (*Id.* at 40.)

Benjamin did not file a petition for writ of habeas corpus in the state courts. Rather, on June 28, 2021, Benjamin's § 2254 Petition was received in the United States District Court for the Western District of Virginia and it was subsequently transferred to this Court. (§ 2254 Pet. 16.)

---

[2] The Court of Appeals of Virginia and the Supreme Court of Virginia applied a continuous pagination to their records, and the Court employs this pagination.

## II.     EXHAUSTION AND PROCEDURAL DEFAULT

### A.     *Standard for Exhaustion and Default*

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and reflects the Congressional determination "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n. 10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d

3

276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n. 1).[3] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

### B. Claims One, Two, and Four are Unexhausted and Defaulted

To exhaust his claims, Benjamin was required to properly present these claims to the Supreme Court of Virginia. Benjamin did not raise Claims One, Two, and Four on direct appeal,

---

[3] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

and he did not file a state habeas petition. If Benjamin now attempted to raise these claims in the Supreme Court of Virginia, any habeas petition would be barred as untimely pursuant to section 8.01–654(A)(2) of the Virginia Code[4] and would be barred pursuant to the rule in *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974), because Benjamin could have raised, but failed to raise, these claims on direct appeal. Both Va. Code Ann. § 8.01–654(A)(2) and *Slayton* constitute adequate and independent procedural rules when so applied. *See Clagett v. Angelone*, 209 F.3d 370, 379 (4th Cir. 2000); *Mu'Min v. Pruett*, 125 F.3d 192, 196–91 (4th Cir 1997); *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006). Thus, Claims One, Two, and Four are procedurally defaulted. Further, Benjamin fails to demonstrate any cause and prejudice for his default or a fundamental miscarriage of justice.

Specifically, with respect to Claims One, Two, and Four, Benjamin failed to fill in the § 2254 Petition form where it asks: "If you did not exhaust your state remedies . . ., explain why." (ECF No. 1, at 6, 7, 10.) Therefore, Benjamin truly fails to offer any cause for his default of his claims. Nevertheless, in the "Direct Appeal" section of the § 2254 Petition form, Benjamin indicates that he raised Claims One and Two on direct appeal. (ECF No. 1, at 7, 8.) However, a review of the record establishes that he did not raise these claims on direct appeal and did not present either claim to the Supreme Court of Virginia in any manner.[5] With respect to Claim Four,

---

[4] This statute provides:

> A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.

Va. Code Ann. § 8.01–654(A)(2) (West 2021).

[5] In his Petition for Appeal in the Supreme Court of Virginia, Benjamin specifically raised what is Claim Three here. *See supra* Part I.

Benjamin indicates that he did not raise this issue on appeal because his attorney "refused to raise the issue after I told him so." (ECF No. 1, at 10.) Thus, Benjamin apparently faults appellate counsel for failing to raise this issue. However, as discussed below, Benjamin's appellate attorney cannot be faulted for failing to raise this claim.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). A presumption exists that appellate counsel "decided which issues were most likely to afford relief on appeal." *Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)).

Counsel certainly cannot be faulted for failing to advance the vague and undeveloped argument that Benjamin hints at in Claim Four. In Claim Four, Benjamin contends that: "The double jeopardy clause set by the 5th Amendment was violated," because Benjamin was convicted of "both domestic assault and battery and malicious wounding by mob" even though there was only one incident. (ECF No. 1, at 10.)[6] On appeal, counsel challenged the denial of a suppression

---

[6] The evidence at trial established that the victim was hit in the head by a group of men including Benjamin, robbed, and then placed in a headlock and nearly strangled. (*See* Va. Ct. App. Record 78.) The victim got away briefly, but then Benjamin, who had previously dated the victim, chased the victim down, grabbed him, and continued fighting. (*Id.*) Thus, a jury could conclude

motion based on insufficient warrant affidavits and the insufficiency of the evidence to convict Benjamin of any of the charges. Benjamin fails to demonstrate the clear strength of his claim compared with the stronger claims pursued on appeal by counsel, and thus, he demonstrates no deficiency of appellate counsel or resulting prejudice. Appellate counsel fails to serve as the cause for the default of Claim Four. *See Royal*, 4 F. Supp. 2d at 551.

Accordingly, the Court finds that Claims One, Two, and Four are barred from review here and DISMISSES those claims.[7]

### III. CLAIM THREE IS NOT REVIEWABLE HERE

In Claim Three, Benjamin contends that the Circuit Court erred in denying the motion to suppress because the warrant affidavit failed to establish "probable cause that a robbery occurred or that [Benjamin] committed the act." (ECF No. 1, at 8.) The United States Supreme Court has held that where a state prisoner had "an opportunity for full and fair litigation of a Fourth Amendment claim, [he] may not be granted federal habeas relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). "The rationale for the [Supreme Court's ruling in *Stone*] was that, in the context of a federal habeas corpus challenge to a state court conviction, 'the contribution of the exclusionary rule, if any, to the effectuation of the Fourth Amendment is minimal and the substantial societal costs of the application of the rule persist with great force.'" *United States v.*

---

that the assault and battery by a mob and the domestic assault and battery offenses were separated by the intervening event of the victim escaping and were not simply one assault and battery. Accordingly, this claim also appears to lack merit. Counsel cannot be faulted for failing to pursue a meritless claim on appeal.

[7] Similarly, even if Claims One and Two were not defaulted, they too would be barred from review here for the reasons stated in Part III.

*Scarborough*, 777 F.2d 175, 182 (4th Cir. 1985) (quoting *Stone*, 428 U.S. at 494–95).[8] Therefore, in a habeas proceeding, when a federal district court is faced with Fourth Amendment claims, it should "first inquire as to whether or not the petitioner was afforded an opportunity to raise his Fourth Amendment claims under the then *existing state practice*." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir. 1978) (capitalization corrected) (emphasis added). Whether the petitioner was afforded such an opportunity "may be determined . . . from the relevant state statutes, the applicable state court decisions, and from judicial notice of state practice by the district court." *Id.* (citation omitted). Here, it is well established that the Commonwealth of Virginia provides criminal defendants, such as Benjamin, with "an opportunity to present [their] Fourth Amendment claims by a motion to suppress both at the trial court level and thereafter to assign as an error, an adverse ruling thereon, on appeal." *Id.* (citations omitted).

Because Virginia provided Benjamin with an opportunity to raise his Fourth Amendment claims at trial and on appeal, this Court need not inquire further unless Benjamin demonstrates "that his opportunity for a full and fair litigation of his Fourth Amendment claim or claims was in some way impaired." *Id.* The United States Court of Appeals for the Fourth Circuit has admonished that "the burden of pleading and proof is upon [the petitioner] to indicate in the petition . . . the reasons he has, and the facts in support thereof, as to why he contends he did not receive an opportunity for a full and fair litigation of his Fourth Amendment claims." *Id.* at 1266 (capitalization corrected). Benjamin fails to establish that his opportunity for a full and fair litigation of his Fourth Amendment claim was impaired. Rather, Benjamin received consideration

---

[8] The exclusionary rule "deflects the truthfinding process and often frees the guilty," *Stone*, 428 U.S. at 490; therefore, it "has been restricted to those areas where its remedial objectives are thought most efficaciously served." *Id.* at 486–87 (quoting *United States v. Calandra*, 414 U.S. 338, 348 (1974)).

of this claim by both the Circuit Court and the Court of Appeals of Virginia, who found it meritless. Accordingly, the Court DISMISSES Claim Three.

## IV. CONCLUSION

For the foregoing reasons, Respondent Punturi's motion to dismiss (ECF No. 8) will be GRANTED. Benjamin's claims will be DISMISSED, and his § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.[9]

An appropriate Final Order shall issue.

Date: 3 December 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

Digitally signed by John Gibney
Date: 2021.12.03 13:34:25 -05'00'

---

[9] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Benjamin fails to meet this standard.